FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 21, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MIKI P.,<br><br>                          Plaintiff,<br><br>     v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                          Defendant. | NO:  2:24-CV-243-RMP<br><br>ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF |

BEFORE THE COURT, without oral argument, are briefs from Plaintiff Miki P.[1], ECF No. 8, and Defendant the Commissioner of Social Security (the "Commissioner"), ECF No. 12.  Plaintiff seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the Commissioner's denial of her claims for Social Security Income ("SSI") under Title XVI, and Disability Insurance Benefits ("DIB") under Title II, of the Social Security Act (the "Act").  *See* ECF No. 8 at 1.

---

[1] In the interest of protecting Plaintiff's privacy, the Court uses Plaintiff's first name and last initial.

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 1

Having considered the parties' briefs including Plaintiff's reply, ECF No. 13, the administrative record, and the applicable law, the Court is fully informed. For the reasons set forth below, the Court denies judgment for Plaintiff and directs entry of judgment in favor of the Commissioner.

## BACKGROUND

### General Context

Plaintiff applied for SSI and DIB on approximately August 11, 2019, alleging onset on January 23, 2016. Administrative Record ("AR")[2] 236–39, 255. Plaintiff was 38 years old on the alleged disability onset date and asserted that she was unable to work due to bipolar disorder, attention deficit disorder, post-traumatic stress disorder, anxiety, agoraphobia, and herniated disk disease. AR 284. Plaintiff's claims proceeded to a telephonic hearing before Administrative Law Judge ("ALJ") Jesse Shumway in December 2021. AR 48. ALJ Shumway issued an adverse decision, which was reversed and remanded by this Court upon stipulation of the parties on April 17, 2023. AR 15–28, 1242–43. ALJ Shumway held another hearing, telephonically, on April 23, 2024. AR 1190. Plaintiff was present and represented by John Paul Gustad. AR 1190–92. The ALJ heard testimony from Plaintiff and from vocational expert ("VE") Lynn Jones. AR 1190–1209. ALJ Shumway issued an unfavorable decision on May 28, 2024. AR 1179.

---

[2] The Administrative Record is filed at ECF No. 7.

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 2

1    ***ALJ's Decision***

2    Applying the five-step evaluation process, ALJ Shumway found:

3    **Step one:** Plaintiff meets the insured status requirements of the Act through

4    December 31, 2019.  AR 1165.  Plaintiff has not engaged in substantial gainful

5    activity ("SGA") since January 23, 2016, the alleged onset date.  AR 1165 (citing 20

6    C.F.R. §§ 404.1571 *et seq.*, 416.971 *et seq.*).

7    **Step two:** Plaintiff has the following severe impairments: cervical

8    degenerative disk disease, post-traumatic stress disorder, bipolar disorder with

9    agoraphobia, and attention deficit hyperactivity disorder ("ADHD").  AR 1166

10    (citing 20 C.F.R. §§ 404.1520(c) and 416.920 (c)).  The ALJ found that other

11    impairments referenced in Plaintiff's medical record are not severe or are not

12    supported by adequate evidence to be medically determinable.  AR 1166–67.

13    **Step three:** Plaintiff does not have an impairment, or combination of

14    impairments, that meets or medically equals the severity of one of the listed

15    impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§

16    404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926).  AR 1167.

17    The ALJ memorialized that he considered listings 1.15 and 1.16, addressing

18    disorders of the skeletal spine resulting in compromise of a nerve root and lumbar

19    spinal stenosis resulting in compromise of the cauda equina, and found that the

20    evidence in the record does not establish that Plaintiff's impairments would cause

21    her to meet or medically equal any of those listings.  AR 1167.  The ALJ further

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 3

considered the severity of Plaintiff's mental impairments, singly and in combination, under listings 12.04, 12.06, 12.11, and 12.15.  AR 1167.  The ALJ found that Plaintiff is mildly limited in understanding, remembering, or applying information. AR 1167–68.  The ALJ further found that Plaintiff has a moderate limitation in her ability to: interact with others; adapt or manage oneself; and concentrate, persist, and maintain pace.  AR 1168–69.  Finding that Plaintiff's impairments do not cause at least two "marked" functional limitations or one "extreme" limitation, the ALJ found that the "paragraph B" criteria were not satisfied.  AR 1169.  In addition, the ALJ found that the evidence in Plaintiff's record fails to establish the "paragraph C" criteria, which requires a claimant to have minimal capacity to adapt to changes in their environment or demands not already a part of their daily life.  AR 1169.  The ALJ found that "there is no evidence of repeated inpatient hospitalization or consistent, ongoing mental health treatment indicative of a highly structured setting."  AR 1169.  Furthermore, ALJ Shumway observed that Plaintiff "attends to and schedules appointments independently, suggesting well-managed conditions that may require consistent appointments and scheduled medication, but do not fall within the purview of 'highly structured' mental health treatment."  AR 1169 (citing AR 438–39, 458, 465, 495, 516–18, 529–30, 545, 557, 571, 942, 956, 968, 1055, 1065, 1067, 1618, 1720, 1722, 1724, 1727, 1729–31, and 1743).

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 4

**Residual Functional Capacity ("RFC"):** The ALJ concluded that Plaintiff has the RFC to perform a full range of light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) except:

> she cannot crawl or climb ladders, ropes, or scaffolds; she can perform all other postural activities occasionally; she can occasionally reach overhead with the right upper extremity but cannot reach overhead with the left upper extremity; she can only occasionally push, pull, and feel; she is limited [to] simple, routine tasks; she can have no interaction with the public, and only occasional, superficial interaction with coworkers; and she requires a routine, predictable work environment with no more than occasional, simple changes.

AR 1169.

In formulating Plaintiff's RFC, the ALJ found that while Plaintiff's "medically determinable impairments could reasonably be expected to cause some of the alleged symptoms[, . . .] the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision."  AR 1170.

**Step four:** The ALJ found that Plaintiff is unable to perform any past relevant work.  AR 1177–78 (citing 20 C.F.R. §§ 404.1565 and 416.965).

**Step five:** The ALJ found that Plaintiff has a high school education and was 38 years old, which is defined as a younger individual (age 18-49), on the alleged disability onset date.  AR 1178 (citing 20 C.F.R. §§ 404.1564 and 416.964).  The ALJ found that transferability of job skills is not material to the determination of

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 5

disability because the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills.  AR 1178 (citing Social Security Ruling 82-41 and 20 C.F.R. Part 404, Subpart P, Appendix 2).  The ALJ further found that, given Plaintiff's age, education, work experience, and RFC, there are jobs that exist in the national economy that Plaintiff can perform.  AR 1178–79.  The ALJ recounted that the VE testified that an individual with Plaintiff's RFC would be able to perform the requirements of representative occupations such as: maid (light, unskilled work with approximately 175,000 jobs nationwide), marker (light, unskilled work with approximately 165,000 jobs nationwide), and photo copy operator (light, unskilled work with approximately 26,000 jobs nationwide).  AR 1178–79.

The ALJ concluded that Plaintiff has not been under a disability, as defined in the Act, from January 23, 2016, through the date of the ALJ's decision.  AR 1179 (citing (20 CFR 404.1520(g) and 416.920(g)).

Through counsel Christopher H. Dellert, Plaintiff sought review of the ALJ's decision in this Court.  ECF No. 1.

## LEGAL STANDARD

### *Standard of Review*

Congress has provided a limited scope of judicial review of the Commissioner's decision. 42 U.S.C. § 405(g).  A court may set aside the Commissioner's denial of benefits only if the ALJ's determination was based on

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 6

1  legal error or not supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d

2  993, 995 (9th Cir. 1985) (citing 42 U.S.C. § 405(g)). "The [Commissioner's]

3  determination that a claimant is not disabled will be upheld if the findings of fact are

4  supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir.

5  1983) (citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere

6  scintilla, but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112,

7  1119 n.10 (9th Cir. 1975); *McCallister v. Sullivan*, 888 F.2d 599, 601–02 (9th Cir.

8  1989). Substantial evidence "means such evidence as a reasonable mind might

9  accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389,

10  401 (1971) (citations omitted). "[S]uch inferences and conclusions as the

11  [Commissioner] may reasonably draw from the evidence" also will be upheld. *Mark*

12  *v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the

13  entire record, not just the evidence supporting the decisions of the Commissioner.

14  *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989).

15      A decision supported by substantial evidence still will be set aside if the

16  proper legal standards were not applied in weighing the evidence and making a

17  decision. *Brawner v. Sec'y of Health and Human Servs.*, 839 F.2d 432, 433 (9th Cir.

18  1988). Thus, if there is substantial evidence to support the administrative findings,

19  or if there is conflicting evidence that will support a finding of either disability or

20  nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*,

21  812 F.2d 1226, 1229–30 (9th Cir. 1987).

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S
BRIEF ~ 7

1    ***Definition of Disability***

2        The Act defines "disability" as the "inability to engage in any substantial

3    gainful activity by reason of any medically determinable physical or mental

4    impairment which can be expected to result in death, or which has lasted or can be

5    expected to last, for a continuous period of not less than 12 months."  42 U.S.C. §

6    423(d)(1)(A).  The Act also provides that a claimant shall be determined to be under

7    a disability only if the impairments are of such severity that the claimant is not only

8    unable to do their previous work, but cannot, considering the claimant's age,

9    education, and work experiences, engage in any other substantial gainful work

10   which exists in the national economy.  42 U.S.C. § 423(d)(2)(A).  Thus, the

11   definition of disability consists of both medical and vocational components.  *Edlund*

12   *v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

13       ***Sequential Evaluation Process***

14       The Commissioner has established a five-step sequential evaluation process

15   for determining whether a claimant is disabled.  20 C.F.R §§ 404.1520, 416.920.

16   Step one determines if they are engaged in substantial gainful activities.  If the

17   claimant is engaged in substantial gainful activities, benefits are denied.  20 C.F.R.

18   §§ 416.920(a)(4)(i), 404.1520(a)(4)(i).

19       If the claimant is not engaged in substantial gainful activities, the decision

20   maker proceeds to step two and determines whether the claimant has a medically

21   severe impairment or combination of impairments.  20 C.F.R. §§ 404.1520(a)(4)(ii),

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S
BRIEF ~ 8

416.920(a)(4)(ii).  If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment with listed impairments acknowledged by the Commissioner to be so severe as to preclude any gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); *see also* 20 C.F.R. § 404, Subpt. P, App. 1.  If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.

If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work that they have performed in the past.  If the claimant can perform their previous work, the claimant is not disabled.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  At this step, the claimant's RFC assessment is considered.

If the claimant cannot perform this work, the fifth and final step in the process determines whether the claimant is able to perform other work in the national economy considering their RFC, age, education, and past work experience.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137, 142 (1987).

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits.  *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 9

1    Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).  The initial burden

2    is met once the claimant establishes that a physical or mental impairment prevents

3    them from engaging in their previous occupation.  *Meanel*, 172 F.3d at 1113.  The

4    burden then shifts, at step five, to the Commissioner to show that (1) the claimant

5    can perform other substantial gainful activity, and (2) a "significant number of jobs

6    exist in the national economy" that the claimant can perform.  *Kail v. Heckler*, 722

7    F.2d 1496, 1498 (9th Cir. 1984).

8                                    **ISSUES ON APPEAL**

9          Plaintiff raises the following issues regarding the ALJ's decision:

10    1.        Did the ALJ err in his assessment of Plaintiff's subjective testimony?

11    2.        Did the ALJ err in his treatment of a medical source opinion?
      ***Plaintiff's Subjective Statements***

12         Plaintiff argues that the ALJ did not cite substantial evidence to support that

13    Plaintiff's intermittent panic and anxiety attacks improved to the extent that she

14    would be able to sustain competitive employment.  ECF No. 8 at 6–7.  Plaintiff

15    contends that the record shows that her panic and anxiety symptoms waxed and

16    waned without any sustained improvement.  ECF No. 13 at 3 (citing AR 940, 954,

17    1539, 1724, and 1739).  Plaintiff further asserts that the evidence cited by the ALJ

18    may support that the Plaintiff did not experience as many panic and anxiety attacks

19    while self-isolating but does not support that Plaintiff would "maintain the same

20    level of functioning when faced with the pressured [sic] and expectations of a

21

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S
BRIEF ~ 10

competitive work environment on a full time [sic] basis." *Id.* (citing *Smith v. Saul*, 820 Fed. Appx. 582, 585 (9th Cir. 2020) for the proposition that improvement that takes place in the absence of environmental stressors does not indicate an ability to perform in a work setting). *Id.* at 3.

Second, Plaintiff contests that the ALJ did not cite substantial evidence to support his finding that Plaintiff's presentation at her appointments was not consistent with her allegations. ECF No. 8 at 8–9. Plaintiff argues that in noting that Plaintiff presented as "alert and cooperative on examination, with normal eye contact and speech, an intact memory and attention span," and without "delusions or hallucinations" or "abnormal motor movements associated with more severe conditions," the ALJ overlooked the context of the appointments. *Id.* at 8–9 (citing AR 1172). Specifically, Plaintiff argues that the ALJ should have noted that "[s]ome of the observations were from Plaintiff's discharge from an inpatient stay for suicidal thoughts where it would be expected that she would not be expressing significant symptoms." *Id.* at 9 (citing AR 386). Plaintiff also faults the ALJ for citing "benign finding [sic] that were unrelated to Plaintiff's allegations as evidence of an inconsistency," such as normal eye contact and speech and intact memory and attention span when Plaintiff has not alleged difficulties in these areas. *Id.*

In addition, Plaintiff asserts that the daily activities that the ALJ discussed do not support her ability to sustain competitive employment. ECF No. 8 at 15–16.

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 11

1    The Commissioner responds that the ALJ's analysis demonstrates that he did

2    not arbitrarily discredit Plaintiff's symptom complaints, and that the ALJ provided

3    clear and convincing reasons for his assessment.  ECF No. 12 at 4–5.  The

4    Commissioner asserts that the ALJ was compliant with Ninth Circuit authority in

5    considering that medical treatment lessened Plaintiff's mental impairment

6    symptoms.  *Id.* at 5 (citing *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir.

7    2017); 20 C.F.R. §§ 404.1529(c)(3)(iv) ("The type, dosage, effectiveness, and side

8    effects of any medication you take or have taken to alleviate your pain or other

9    symptoms" are relevant to the evaluation of a claimant's alleged symptoms.).  The

10   Commissioner adds that the ALJ found that some of Plaintiff's psychological

11   symptoms persisted and accounted for those symptoms in the RFC, which limited

12   Plaintiff "to simple, routine tasks, with no interaction with the public and only

13   occasional, superficial interaction with coworkers, as well as requiring a routine,

14   predictable work environment with no more than occasional, simple changes."  *Id.* at

15   5–6 (citing AR 1169).

16          The Commissioner next argues that the context of the findings in Plaintiff's

17   record that she presented unremarkably in several respects at medical appointments

18   does not matter; "the undisputed medical findings speak for themselves."  ECF No.

19   12 at 6 (citing AR 1172, 386, 417–18, 428, 437–38, 456, 465, 474, 481, 489, 503,

20   518, 529, 545, 557, 571, 584, 619, 634, 645, 654, 664, 674, 685, 712, 724, 739, 770,

21   837, 850, 862, 876, 886, 902, 910, 918, 942, 955, 967, 1054, 1055, 1068, 1082,

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 12

1617, 1723, 1727, 1731, 1737, 1743, 1750, 1767, 1772, and 1854).  The

Commissioner further contends that "although Plaintiff asserts no claimed

difficulties in the areas of normal eye contact and speech and intact memory and

attention span, such observations reflect a lack of mental or psychological

symptoms." *Id.* at 6–7 (citing *Maier v. Comm'r of Soc. Sec.*, 154 F.3d 913, 915 (9th

Cir. 1998), for the proposition that the Ninth Circuit has held that ALJs properly

may rely upon medical evaluations when assessing a claimant's subjective

complaints).

The Commissioner continues that Plaintiff's assertion that the ALJ rejected

her symptom testimony by focusing on periods of improvement in between periods

of more severe symptoms amounts to "Plaintiff's interpretation of the sporadic

evidence of mental symptoms" and invades the province of the ALJ.  ECF No. 12 at

7 (citing *Crane v. Shalala*, 76 F.3d 251, 254 (9th Cir. 1996), for the proposition that

courts will not disturb an ALJ's assessment of a claimant's subjective complaints

that is supported by substantial evidence).  Furthermore, the Commissioner argues

that, contrary to Plaintiff's contention that the ALJ did not consider that Plaintiff was

isolating herself to avoid triggering her mental symptoms, the ALJ noted that:

"Plaintiff presented for treatment, she had not generally shown signs of significant

stress, anxiety, or panic associated with the office visits, and she had not cited

'agoraphobia' as a reason for missing appointments, especially considering video

visits were an option." *Id.* (citing AR 1173, 1556, 1570, and 1650).

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S
BRIEF ~ 13

1    The Commissioner, lastly, maintains that Plaintiff's "inconsistent and limited

2    mental health therapy and sporadic noncompliance with medication were not

3    attributed to diminished insight or any other deficit that would affect Plaintiff's

4    perceived need for treatment." ECF No. 12 at 8 (citing AR 1173 and Plaintiff's

5    treatment records documenting "normal, or at least adequate, insight and

6    judgment").

7        In deciding whether to accept a claimant's subjective pain or symptom

8    testimony, an ALJ must perform a two-step analysis. *Smolen v. Chater*, 80 F.3d

9    1273, 1281 (9th Cir. 1996). First, the ALJ must evaluate "whether the claimant has

10   presented objective medical evidence of an underlying impairment 'which could

11   reasonably be expected to produce the pain or other symptoms alleged.'"

12   *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (quoting *Bunnell v.

13   Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991)). The claimant "need not show that her

14   impairment could reasonably be expected to cause the severity of the symptom she

15   has alleged; she need only show that it could reasonably have caused some degree of

16   the symptom." *Smolen*, 80 F.3d at 1282. Second, if the first test is met and there is

17   no evidence of malingering, "the ALJ can reject the claimant's testimony about the

18   severity of her symptoms only by offering specific, clear and convincing reasons for

19   doing so." *Id.* at 1281. Thus, "the ALJ may not reject subjective symptom

20   testimony . . . simply because there is no showing that the impairment can

21   reasonably produce the degree of symptom alleged." *Id.* at 1282.

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 14

Plaintiff alleged disability due to the following physical and mental health conditions, as summarized in the ALJ's decision:

> According to the claimant's recent hearing testimony on April 23, 2024, her reasons for being unable to work are pain in her left dominant arm that causes pain while typing, and pain with lifting and carrying objects weighing as little as a few pounds. She testified that panic and anxiety symptoms cause problems with driving, interacting with others, receiving criticism, concentrating, attending to details, and following directions in the workplace. Prior hearing testimony from December 8, 2021, as well as her function report, documents difficulty performing postural activities, such as kneeling, and experiencing interference from mental health symptoms such as mood swings, racing thoughts, and frequent distraction. (Ex. 6E/6). In both hearings, the claimant reports side effects from her medications, including memory loss, insomnia, shakiness, appetite suppression, nausea, fatigue, and restlessness.

AR 1170 (citing AR 304, 309).

The ALJ's reasoning included that Plaintiff's symptoms had improved with treatment and medication, were inconsistent in their severity with what was supported by Plaintiff's medical record, were inconsistent with Plaintiff's relatively minimal course of treatment, and were undermined by Plaintiff's ability to engage in various activities. As Plaintiff takes issue with each of these bases, the Court addresses each basis in turn.

### Evidence of Improvement

The ALJ found that Plaintiff's condition had stabilized following medication treatment. AR 1172. In support of this finding the ALJ cited to: a May 2022 office visit record in which Plaintiff reported feeling "stable and even keeled[,]" AR 1616; a September 2023 mental health outpatient record indicating that Plaintiff had "only

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 15

had 1 panic attack" in the past month and that "it was fairly well controlled with medication and self-help techniques[,] AR 1724; August 2023 mental health outpatient record in which Plaintiff reported "[n]o actual panic attacks since her last visit" with good control with medication of "occasional limited symptom attacks, AR 1729; and a July 2023 mental health outpatient record indicating that Plaintiff had "[o]ccasional limited symptom attacks and rare panic attacks on her current regimen[,]" AR 1732. *See* AR 1168 (also citing AR 199, 203, and 208). The ALJ further cited to evidence in the record that Plaintiff's presents as more depressed and anxious, and with more emotional dysregulation, "when not taking medication as prescribed." AR 1172. This is substantial evidence of reported improvement from medication.

Plaintiff submits that her symptoms wax and wane, so it is misleading for the ALJ to focus on the periods of improvement. However, the ALJ's citations reflect extended periods when Plaintiff was finding significant relief from her anxiety and panic symptoms with medication and regular care from her providers. *See* AR 1724. Moreover, while Plaintiff interprets the record to show that "she was not experiencing as many panic and anxiety attacks when she was largely isolating herself," it was the ALJ's prerogative to interpret the record differently by relying on evidence that Plaintiff has presented for in-person appointments without signs of significant stress, anxiety, or panic. AR 1173. It is not the Court's role to supplant the ALJ's interpretation of the record where, as here, it is based on substantial

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 16

1  evidence. *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (holding that

2  even where the record is susceptible to another rational interpretations, the Court is

3  required to uphold the ALJ's findings if they are supported by inferences reasonably

4  drawn from the record).

5                    <u>Objective Medical Evidence</u>

6          An ALJ may not discredit a claimant's symptom testimony and deny benefits

7  solely because the degree of the symptoms alleged is not supported by objective

8  medical evidence. *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005); *Rollins v.*

9  *Massanari*, 261 F.3d 853, 856-857 (9th Cir. 2001); *Bunnell v. Sullivan*, 947 F.2d

10  341, 346-47 (9th Cir. 1991); *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989).

11  However, the objective medical evidence is a relevant factor in determining the

12  severity of a claimant's symptoms and their disabling effects. *Rollins*, 261 F.3d at

13  857; 20 C.F.R. §§ 404.1529(c)(2); 416.929(c)(2).

14          With respect to Plaintiff's alleged anxiety symptoms, the ALJ found

15  Plaintiff's reports to be inconsistent with disability "in the context of the entire

16  longitudinal record[.]" AR 1172. The ALJ reasoned that Plaintiff's medical record

17  demonstrates that she presented with normal eye contact and speech, and an intact

18  memory and attention span." AR 1172 (citing to 54 pages in Plaintiff's medical

19  record). The ALJ added that Plaintiff "does not experience delusions or

20  hallucinations and does not have abnormal motor movements associated with more

21  severe conditions." AR 1172 (citing to 53 pages in Plaintiff's medical record). In

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S
BRIEF ~ 17

1   addition, the ALJ noted that the record reflected times when Plaintiff's anxiety-

2   related symptoms were "exacerbated," and reasoned that those symptoms warranted

3   the RFC's limitation to simple, routine tasks and social limitations.  AR 1172–73.

4       The ALJ's interpretation of Plaintiff's records as undermining the extremity of

5   the debilitation claimed is logical and supported by substantial evidence.

6                    Course of Treatment

7       Conservative treatment can be a legitimate reason for discounting subjective

8   symptom testimony.  *See Parra v. Astrue*, 481 F.3d 742, 750–51 (9th Cir. 2007)

9   (holding that "evidence of 'conservative treatment' is sufficient to discount a

10  claimant's testimony regarding severity of an impairment"); *see also Crystal G. v.*

11  *Kijakazi*, Case No. 3:20-cv-01429-SB, 2022 U.S. Dist. LEXIS 8916, *13, 2022 WL

12  155215 (D. Or. Jan. 20, 2022).

13      Here, the ALJ reasoned that Plaintiff's mental status examinations indicate

14  adequate insight and judgment, and Plaintiff has reported to providers that she

15  recognizes the helpfulness of therapy and medications that were working to relieve

16  her symptoms.  AR 1173.  However, as the ALJ notes, Plaintiff's record reflects a

17  generally "low level" of engagement in mental health counseling across the relevant

18  period.  AR 1173.  The ALJ considered whether Plaintiff's difficulty leaving the

19  house and being around people could explain Plaintiff's "failure to pursue

20  aggressive treatment," and found no support for that explanation in the record.  AR

21  1173.  Therefore, the ALJ's decision reflects that he considered reasons that Plaintiff

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 18

might have for not engaging in treatment more frequently, even though he did not ask Plaintiff for reasons during the hearing. *See* ECF No. 8 at 12 (faulting the ALJ for not making this inquiry).

The Court finds that the ALJ adequately supported his reasoning that Plaintiff did not engage in a level of treatment that would correspond with a disabling level of impairment from anxiety and panic attacks.

Daily Activities

An ALJ also may consider a claimant's activities of daily living in assessing his or her subjective complaints. *Rollins*, 261 F.3d at 856. Here, the ALJ found that Plaintiff has "retained abilities" despite her impairments. AR 1174. The ALJ cites to records indicating that Plaintiff is capable of her personal care and household chores, meal preparation, driving, and shopping independently. AR 1174. The ALJ also reasons that the record shows that at times during the relevant period, Plaintiff has been able to date, socialize regularly with friends and family, attend college classes, apply to jobs, and engage in hobbies and interests. AR 1174.

Plaintiff maintains that the activities cited by the ALJ were mostly performed in Plaintiff's home and could be put off if she was not feeling up to it, which Plaintiff could not do in a work environment. ECF No. 13 at 5. However, several of the activities that the ALJ discusses were not within Plaintiff's home environment, such as driving and shopping independently and engaging in outdoor and social interests. The ALJ also took account of Plaintiff's need to be isolated from others by

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 19

1  limiting her to no interaction with the public and only occasional, superficial

2  interaction with coworkers.  AR 1169.  The Court finds no error in the ALJ's

3  analysis that the cited activities support that Plaintiff's impairments are less than

4  disabling.

5      Having found that the ALJ provided multiple bases, supported by substantial

6  evidence, for partially discounting Plaintiff's allegations regarding the effects of

7  panic attacks and anxiety on her functioning, the Court finds no error in the ALJ's

8  assessment of Plaintiff subjective symptom testimony.

9      ***Medical Source Opinion***

10     Plaintiff also argues that the ALJ did not support his treatment of the opinion

11 of Timothy Patterson, DO, with substantial evidence.  ECF No. 8 at 18–19.

12 Plaintiff asserts that "the mental status examinations and observations cited by the

13 ALJ gave no insight into Plaintiff's ability to leave her house and attend work on a

14 regular and continuing basis" while "[t]hese were the most probative limitations

15 described by Dr. Patterson." *Id.* at 19.

16     The Commissioner responds by reiterating his arguments regarding the ALJ's

17 treatment of Plaintiff's subjective symptoms.  First, the Commissioner argues that

18 the record did not support the opinion that Plaintiff limited her symptoms by staying

19 at home because she presented for in-person appointments without signs of

20 significant anxiety or panic, even when she had the option of attending the

21 appointment by video, and she did not cite agoraphobia as a reason for missed

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 20

appointments.  ECF No. 12 at 12–13 (citing AR 1173, 1556, 1570, 1650).  Second, the Commissioner defends the ALJ's reliance on Plaintiff's daily activities in discounting Dr. Patterson's opinion by noting that "an ALJ is not required to find that a claimant can perform all activities of daily living without any assistance in order to find such claimant's alleged limitations are less than disabling."  *Id.* at 13 (citing *Mayes v. Massanari*, 276 F.3d 453, 457, 461 (9th Cir. 2001)).

Plaintiff replies that Dr. Patterson's opinion supports "the conclusion that while Plaintiff was able to function outside of her home, she would frequently be unable to attend work because of her impairments."  ECF No. 13 at 7.

The regulations that took effect on March 27, 2017, provide a new framework for the ALJ's consideration of medical opinion evidence and require the ALJ to articulate how persuasive he finds all medical opinions in the record, without any hierarchy of weight afforded to different medical sources.  *See* Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01, 2017 WL 168819 (Jan. 18, 2017).  Instead, for each source of a medical opinion, the ALJ must consider several factors, including supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors such as the source's familiarity with other evidence in the claim or an understanding of Social Security's disability program.  20 C.F.R. § 404.1520c(c)(1)-(5).

Supportability and consistency are the "most important" factors, and the ALJ must articulate how he considered those factors in determining the persuasiveness of

each medical opinion or prior administrative medical finding.  20 C.F.R. §

404.1520c(b)(2).  With respect to these two factors, the regulations provide that an

opinion is more persuasive in relation to how "relevant the objective medical

evidence and supporting explanations presented" and how "consistent" with

evidence from other sources the medical opinion is.  20 C.F.R. § 404.1520c(c)(1).

The ALJ may explain how he considered the other factors, but is not required to do

so, except in cases where two or more opinions are equally well-supported and

consistent with the record.  20 C.F.R. § 404.1520c(b)(2), (3).  Courts also must

continue to consider whether the ALJ's finding is supported by substantial evidence.

*See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to

any fact, if supported by substantial evidence, shall be conclusive . . . .").

Prior to revision of the regulations, the Ninth Circuit required an ALJ to

provide clear and convincing reasons to reject an uncontradicted treating or

examining physician's opinion and provide specific and legitimate reasons where the

record contains a contradictory opinion.  *See Revels v. Berryhill*, 874 F.3d 648, 654

(9th Cir. 2017).  However, the Ninth Circuit has held that the Social Security

regulations revised in March 2017 are "clearly irreconcilable with [past Ninth

Circuit] caselaw according special deference to the opinions of treating and

examining physicians on account of their relationship with the claimant."  *Woods v.*

*Kijakazi*, No. 21-35458, 2022 U.S. App. LEXIS 10977, at *14 (9th Cir. Apr. 22,

2022).  The Ninth Circuit continued that the "requirement that ALJs provide

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S
BRIEF ~ 22

1   'specific and legitimate reasons' for rejecting a treating or examining doctor's

2   opinion, which stems from the special weight given to such opinions, is likewise

3   incompatible with the revised regulations." *Id*. at *15 (internal citation omitted).

4   Recently, the Ninth Circuit further has held that the updated regulations comply with

5   both the Social Security Act and the Administrative Procedure Act, despite not

6   requiring the ALJ to articulate how he or she accounts for the "examining

7   relationship" or "specialization factors." *Cross v. O'Malley*, No. 23-35096, 2024

8   U.S. App. LEXIS 302 at *7–12 (9th Cir. Jan. 5, 2024).

9        Accordingly, as Plaintiff's claim was filed after the new regulations took

10  effect, the Court refers to the standard and considerations set forth by the revised

11  rules for evaluation of medical evidence. *See* AR 236–39, 255.

12       Dr. Patterson, Plaintiff's mental healthcare provider, wrote on September 8,

13  2021, that Plaintiff's other mental health issues are "complicated by stress sensitive

14  panic disorder and agoraphobia that limits her ability to leave her house and renders

15  her unemployable." AR 1159.  Dr. Patterson opined that "[t]his is unlikely to

16  improve in the near future and is more likely than not a permanent condition."

17       The Appeals Council remanded Plaintiff's claim in part because the ALJ had

18  not adequately evaluated these opinions from Dr. Patterson.  AR 1248. The Appeals

19  Council noted that the ALJ could reject the opinion that Plaintiff was unemployable,

20  as that is an issue reserved to the Commissioner, but had to consider all of the

21  relevant symptoms and limitations documented in the treatment notes.  AR 1248.

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 23

The ALJ acknowledged the Appeals Council's instructions and memorialized that he considered Dr. Patterson's opinions and treatment notes. AR 1175. However, the ALJ found these opinions unpersuasive and reasoned that the limitations described by Dr. Patterson conclusory and inconsistent with his treatment notes, which described normal or near-normal mental status examinations, stability or moderate symptoms and limitations, and regular activities that Plaintiff had engaged in that "are not consistent with marked limitations in functioning," including caring for her daughter and pets, going out alone, driving a car, and dating. Tr. 1175-76.  The Court finds that the the ALJ reasonably assessed, and relied on substantial evidence in assessing, the supportability of Dr. Patterson's opinion.

Accordingly, the Court finds no error in the ALJ's treatment of Dr. Patterson's opinion.

## CONCLUSION

Having reviewed the record and the ALJ's findings, this Court concludes that the ALJ's decision is supported by substantial evidence and free of harmful legal error.  Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Opening Brief, **ECF No. 8**, is **DENIED**.

2. Defendant the Commissioner's Brief, **ECF No. 12**, is **GRANTED**.

3. Judgment shall be entered for Defendant.

4. The District Court Clerk shall amend the docket in this matter to substitute Leland Dudek as the Acting Commissioner of the Social Security Administration.

**IT IS SO ORDERED**.  The District Court Clerk is directed to enter this Order, enter judgment as directed, provide copies to counsel, and **close the file** in this case.

**DATED** March 21, 2025.


_____s/ Rosanna Malouf Peterson_____
ROSANNA MALOUF PETERSON
Senior United States District Judge